IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

ROBERT J. MERCHANT and
JIMMIE N. MERCHANT,

    Plaintiffs,

vs.                                 CASE NO. CV-01-J-691-J

MBNA AMERICA BANK, N.A.,
et al.,

    Defendants.

**MEMORANDUM OPINION**

    Currently pending before the court is the defendant J.C.Penney Company Inc.'s motion for summary judgment (doc. 19) and evidentiary submissions (doc. 20), to which the plaintiff has not responded.

    The plaintiffs filed suit in state court against defendant MBNA on May 27, 1999, asserting various state law causes of action. The plaintiffs alleged that late charges and interest were being charged to their credit card after they had paid off the outstanding balance on the account. Complaint at ¶¶ 5, 6. They further alleged that they could not close the account because of the late charges and interest accruing. Complaint at ¶ 7. The plaintiffs amended their complaint to add defendant "J.C. Penney," who, plaintiffs assert, was instructed "to cancel insurance with J.C. Penney and instructed not to take the premium out of an account with MBNA." October 10,

2000 Amended Complaint at ¶ 2. Plaintiffs alleged that defendant J.C. Penney refused to "cancel the insurance and continued to take payment." October 10, 2000 Amended Complaint at ¶ 4. The plaintiffs again amended their complaint to add a Truth-in-Lending Act cause of action. March 8, 2001 Amended Complaint. The plaintiffs filed another amended complaint on the same date to restate the original amended complaints against "J.C. Penny (sic) Company, Inc.," and J.C. Penny (sic) Life Insurance Company, Inc." March 8, 2001 Amended Complaint.

The defendants removed this case to this court on March 19, 2001 (doc. 1). Included in the Notice of Removal was an assertion that the removal was by defendants MBNA, J.C. Penny (sic) Co., Inc., and J.C. Penny (sic) Life Insurance Co. On March 28, 2001, defendants MBNA and J.C. Penney Company, Inc., filed an amendment to the Notice of Removal (doc. 5), stating that J.C. Penney Life Insurance Co. was inadvertently included in the Notice of Removal and that J.C. Penney Life Insurance Co. had not been served. The defendants further alleged that the two J.C. Penney entities were separate and distinct from each other.

On April 18, 2001, defendant J.C. Penney Company, Inc., filed a response to the plaintiffs' motion to compel, stating that it has never issued insurance to the plaintiffs and thus has no documents relating to the issuance of any insurance. Response to motion to compel (doc. 13) at ¶¶ 2-5. This defendant again averred that

it is a distinct entity from J.C. Penney Life Insurance Company, who had not been served. Response to motion to compel at ¶¶ 6-7.

The defendant J.C. Penney Company, Inc.'s motion for summary judgment again states that this defendant had no role in or knowledge of any involvement in the sale issuance or refusal to cancel the policy about which the plaintiff complains. Motion for summary judgment (doc. 19).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

By affidavit of Thomas A. Clerkin, Senior Vice President and Director of Finance for Stores, Catalog and Internet, defendant J.C. Penney Company, Inc., states again that it does not and has not issued insurance to the plaintiffs. Thus, this defendant states that there is no genuine issue of material fact and it is entitled to a judgment in its favor. The plaintiff has presented no evidence that this defendant ever issued any insurance to them or anyone else. The plaintiffs also have presented no evidence that this defendant had any involvement in their attempts to cancel any insurance.

This court, having considered all of the pleadings, finds that the plaintiffs have failed to establish any genuine issues of material fact and that defendant J.C. Penney Company, Inc., is entitled to judgment as a matter of law. This defendant's motion for summary judgment (doc. 19) is hereby **GRANTED**. The plaintiffs' claims against this defendant are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** this the 24 day of January, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE